**EARLY–FOSTER CO. v. M. M. GRAVES CO., Inc. (No. 5808.)**

(Court of Civil Appeals of Texas. Austin. Nov. 7, 1917. Rehearing Denied Feb. 27, 1918.)

1. SALES ⬳152 — ORDER FOR LESS THAN CONTRACT PRICE—BREACH BY BUYER.

Under contract for purchase of goods to be delivered upon buyer's order not later than given date, seller not guaranteeing against decline in market, an order to ship goods at a rate lower than contract price was no order under the contract, and was a breach of the contract.

2. COSTS ⬳172 — ATTORNEY'S FEES — CONTRACT.

Under sale contract providing that if claim arising from buyer's failure to accept goods should be placed with attorneys for collection, the buyer should pay 10 per cent. on contract price of goods as attorney's fees, held, that such fees should be computed on the actual amount sought for the breach.

Appeal from District Court, McLennan County; H. M. Richey, Special Judge.

Suit by the M. M. Graves Company, Incorporated, against the Early-Foster Company. Judgment for plaintiff for partial relief, and both parties appeal. Judgment affirmed.

Nat Harris and Spell & Sanford, all of Waco, for appellant. Hutcheson & Hutcheson, of Houston, and Sleeper, Boynton & Kendall, of Waco, for appellee.

RICE, J. On September 12 and 14, 1914, appellee and appellant entered into two separate contracts, whereby the latter under the first contract agreed to purchase and the former to sell five carloads of bagging and ties, consisting of 1,500 patterns each, at 70 cents per pattern; and by the latter two carloads, consisting of 1,500 patterns each,

at 71 cents per pattern, each of said contracts containing provisions to the following effect: That the seller did not guarantee price against decline in market; and that such contracts were not subject to cancellation. They each likewise provide:

"That in event any claim shall ,arise hereunder, due to failure on the part of purchaser to accept the goods as herein agreed, and claim for the same be placed in the hands of attorneys for collection and enforcement of contract, that the buyer shall pay the sum of 10 per cent. on contract value of goods as attorney's fees. The bagging and ties covered by these contracts to be shipped by November 30, 1914."

Also another provision to the effect:

"That in case the buyer neglects to order out all the goods due under this contract before the last-mentioned date, and in event of default on this contract, it shall be unnecessary to tender goods at point of delivery; but seller's offer to deliver goods f. o. b. shall be a sufficient tender, and the purchase price shall be then payable, as though goods had been received and accepted by purchaser."

It appears that during the life of these contracts that the manufacturers reduced their price on bagging and ties 16½ cents per pattern. Appellant ordered out two carloads under the first contract, which were shipped and paid for by it at the contract price, but insisted as to the balance that it was entitled to a reduction on its purchase in accordance with the manufacturers' price; and in line with this contention, on the 25th of November, 1914, wired Graves Company as follows:

"Ship car fifteen hundred patterns two pound American Ashdown, Arkansas, two cars fifteen hundred patterns each Texas Durant, Oklahoma, deducting Texas common point freight rate. Car fifteen hundred patterns Texas Quanah, Texas, and car fifteen hundred Texas Cisco, billing all at manufacturer's price, adding the same profit you had in the sale when contract was made. Also deduct difference in manufacturer's price on the three cars shipped since your price was reduced. Send drafts Central Texas Exchange National Bank, Waco."

Graves Company replied, in substance, that they were willing to ship the goods, but only at contract prices, and offered to do so; and in all other respects complied with their contract. Appellant not replying, the goods were not shipped, and this suit was brought by appellee in Harris county to recover damages for breach of contract. Appellant also brought suit in the district court of McLennan county against appellee to recover $577.-50, being the difference between the contract price and the manufacturers' price on two carloads, which had been paid for by it. The first suit was transferred to McLennan county, where the two cases were consolidated, and on trial appellant abandoned its cause of action against appellee, and judgment was rendered in accordance therewith, which case is not involved in this appeal. The instant case, being tried before the court without a jury, resulted in judgment in behalf of appellee, from which appellant

prosecutes this appeal, and strenuously urges that the case should be reversed on the ground that it did not breach its contract with appellee.

[1] We differ with appellant in this contention. The order was not in compliance with the contract, but imposed conditions upon appellee not to be found therein, and was in fact equivalent to no order at all. Appellee had the right to rely upon its contract as written, and failure on the part of appellant to order the goods out in accordance therewith constituted a breach, which authorized its recovery. And this is true, irrespective of whether or not appellee received the benefit of such reduction, because the contract expressly provided that appellee did not guarantee "price against a decline in market," but the evidence amply shows that appellee did not receive any benefit on account of reduction in price, of which fact appellant was apprised.

[2] Appellee insisted by cross-assignment that it was entitled to a judgment of $500 attorney's fees, instead of $122, as awarded it by the court, upon the ground that the contract provided that in the event the claim was placed in the hands of attorneys for collection, that it was entitled to 10 per cent. on the value of the goods contracted for. We think appellee's contention is not well founded, but that it was only entitled to 10 per cent. of the actual amount sought to be recovered by reason of the breach of contract, which was in fact the amount in controversy, for which reason its cross-assignment is overruled.

Finding no error in the judgment of the court, the same is in all respects affirmed.

Affirmed.